CHARLIE MCCLENDON *v.* COMMISSIONER OF
CORRECTION
(AC 18748)

Schaller, Hennessy and Zarella, Js.

Submitted on briefs March 30—officially released June 27, 2000

*James A. Shanley, Jr.,* special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas,* state's attorney, and *Christopher T. Godialis* and *George Ferko,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charlie McClendon, appeals from the habeas court's denial of his amended petition for a writ of habeas corpus and the denial of his petition for certification to appeal to this court. In the criminal case that gave rise to the petition for a

writ of habeas corpus, the petitioner was convicted of two counts of felony murder in violation of General Statutes § 53a-54c, attempt to commit first degree robbery in violation of General Statutes §§ 53a-49 and 53a-134, and two counts of robbery in the first degree in violation of General Statutes § 53a-134. The petitioner was sentenced to a term of one hundred forty years imprisonment. This court affirmed the trial court's judgment of conviction in *State* v. *McClendon*, 45 Conn. App. 658, 697 A.2d 1143 (1997), and the Supreme Court affirmed this court's judgment in *State* v. *McClendon*, 248 Conn. 572, 730 A.2d 1107 (1999).

In his amended petition seeking a writ of habeas corpus, the petitioner alleged that he was denied his state and federal constitutional rights to effective assistance of counsel on the grounds that his trial counsel (1) failed to conduct a full cross-examination of the chief witness against the petitioner and (2) failed to call certain witnesses who would have assisted in the impeachment of the chief witness. The habeas court dismissed the petition and denied the petitioner's subsequent petition for certification to appeal.

The habeas court's dismissal of the petition for a writ of habeas corpus was predicated on (1) the tactical decision and sound strategy of the petitioner's trial counsel not to accuse the chief witness of being a liar, but rather as being confused and (2) credibility determinations with respect to the witnesses. The court found that the petitioner had failed to establish that "counsel's representation fell below an objective standard of reasonableness." (Internal quotation marks omitted.) *Aillon* v. *Meachum*, 211 Conn. 352, 357, 559 A.2d 206 (1989).

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain

his burden of persuasion that the denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the amended petition for a writ of habeas corpus and the petition for certification to appeal.

The appeal is dismissed.