## CHARLIE MCCLENDON *v.* COMMISSIONER OF CORRECTION
## (AC 25563)

Dranginis, Bishop and DiPentima, Js.

Argued December 5, 2005—officially released January 17, 2006

---

*Charles F. Willson*, special public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Jo Anne Sulik*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charlie McClendon, appeals, following the granting of his petition for certification, from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. We affirm the judgment of the habeas court.

The following procedural facts are relevant to our disposition of the petitioner's appeal. The petitioner was convicted, following a jury trial, of two counts of felony murder in violation of General Statutes § 53a-54c, attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134, and two counts of robbery in the first degree in violation of General Statutes § 53a-134. The petitioner was sentenced to a term of 140 years imprisonment. This court affirmed the trial court's judgment of conviction in *State* v. *McClendon*, 45 Conn. App. 658, 697 A.2d 1143 (1997), and the Supreme Court affirmed this court's judgment in *State* v. *McClendon*, 248 Conn. 572, 730 A.2d 1107 (1999).

On July 10, 1995, while his direct appeal was pending, the petitioner filed a petition for a writ of habeas corpus in which he alleged that he had been denied the effective assistance of counsel at his criminal trial on the ground that his trial counsel failed to conduct a full, thorough and complete cross-examination of the state's chief witness and that his counsel failed to call relevant witnesses in his defense. Following an evidentiary hearing on that first habeas petition, the court issued a memorandum of decision rejecting the petitioner's claims,

and the court subsequently denied his petition for certification to appeal from the judgment denying habeas relief. On appeal, we determined that the habeas court had not abused its discretion in denying the petition for certification to appeal. *McClendon* v. *Commissioner of Correction*, 58 Conn. App. 436, 438, 755 A.2d 238, cert. denied, 254 Conn. 920, 759 A.2d 1025 (2000).

On November 14, 2002, the petitioner filed the amended petition at issue in this case, in which he claimed that he had been denied the effective assistance of counsel at his criminal trial due to errors of omission by his trial counsel. Although the second petition alleges new facts regarding the adequacy of trial counsel's conduct of the defense, it raises no new legal grounds. The court dismissed the second petition on the grounds that it alleged the same grounds as the first petition and that the petitioner had failed to introduce any new facts or evidence not reasonably available to him at the time of his original petition. The court subsequently granted the petition for certification to appeal. This appeal followed.

The petitioner's claim of ineffective assistance of counsel is governed by the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 424, 589 A.2d 1214 (1991). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Strickland* v. *Washington*, supra, 694. After reviewing the record, we conclude that the court had sufficient evidence before it to support its determination that the petitioner failed to prove that

trial counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that, but for the alleged failure of trial counsel, the result would have been different.

Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ." "In this context, a 'ground' has been defined as 'sufficient legal basis for granting the relief sought.' " *Tirado* v. *Commissioner of Correction*, 24 Conn. App. 152, 156, 586 A.2d 625 (1991).

Here, the fact that both petitions were based on the legal ground that the petitioner was denied the effective assistance of counsel in his criminal trial alone is not fatal to the petitioner's second petition. For example, a petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. See *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141–42, 712 A.2d 947 (1998). But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition.

Our review of the record reveals that in his amended petition, the petitioner alleged that he had been denied the effective assistance of counsel at trial on the ground that counsel failed to prepare adequately an expert witness and failed to research adequately the issue of the admissibility of evidence of prior uncharged misconduct. In neither case did the petitioner allege that the factual support for those allegations was unavailable

to him at the time of his original habeas petition. Similarly, at the hearing on the motion to dismiss filed by the respondent commissioner of correction, the petitioner offered no evidence that the factual underpinnings to his allegations of counsel's inadequacy were unavailable to him while his original habeas petition was pending.

As the court noted in its articulation regarding its dismissal of the second petition: "At the hearing, the court gave the petitioner an opportunity to proffer facts that were claimed to support the ineffective counsel claim and were new and not reasonably available at the time of the first petition. In response, the petitioner's counsel indicated that the petitioner had no problem with the court ruling on the successive petition issue on the file as it stands." (Internal quotation marks omitted.) Confronted with a second petition premised on the same legal grounds as the first and buttressed by no new facts alleged not to have been reasonably available while the first habeas petition was pending, the court properly dismissed the habeas petition.[1]

The judgment is affirmed.

___

[1] On appeal, the petitioner now asserts that the factual basis of his ineffective assistance of counsel claims did not become available to him until his direct appeal was decided and that the direct appeal was decided after his original habeas petition had been dismissed. We will not consider issues on appeal that were not raised at trial. See *Lawton* v. *Weiner*, 91 Conn. App. 698, 709 n.7, 882 A.2d 151 (2005).