******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# EDWIN SANCHEZ *v.* COMMISSIONER OF CORRECTION
## (AC 43047)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder and conspiracy to commit murder, filed a second petition for a writ of habeas corpus, claiming, inter alia, that his prior habeas counsel, V, had provided ineffective assistance, his due process rights had been violated at his criminal trial, and he was actually innocent. Specifically, the petitioner claimed that the state had withheld evidence of a plea agreement between the state and a cooperating witness, and that V rendered ineffective assistance because he, inter alia, failed to investigate and present the testimony of another witness, P. The habeas court rendered judgment denying the petitioner's ineffective assistance of habeas counsel claim and dismissing his due process and actual innocence claims, from which the petitioner, on the granting of certification, appealed to this court. *Held*:

1. The judgment of the habeas court dismissing the petitioner's due process claim was affirmed on the alternative ground that the claim was barred by the doctrine of res judicata; the petitioner's claim that the state failed to reveal the existence of a plea agreement between the state and a cooperating witness was fully litigated and adjudicated on the merits during both the petitioner's direct appeal and his first habeas trial, and he failed to make a showing that any new factual allegations were unavailable to him when he filed his direct appeal or first habeas petition.

2. The habeas court properly dismissed the petitioner's actual innocence claim because it was barred by the doctrine of res judicata; the legal ground and relief sought in the petitioner's actual innocence claim were identical to those in his first habeas petition and the petitioner failed to demonstrate that the claim was based on evidence not reasonably available at the time of the first petition.

3. The habeas court properly denied the petitioner's ineffective assistance of habeas counsel claim because the petitioner failed to establish that V's performance was deficient; V did not testify at the petitioner's second habeas trial and, with no evidence to show what information was available to him, what decisions he made, and why he made them, the petitioner could not overcome the presumption of V's competence as to his trial strategy.

Argued December 1, 2020—officially released April 13, 2021

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Newson, J.*; judgment denying in part and dismissing in part the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*James E. Mortimer*, assigned counsel, for the appellant (petitioner).

*Nancy L. Walker*, assistant state's attorney, with whom, on the brief, were *Brian W. Preleski*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Edwin Sanchez, appeals from the judgment of the habeas court, *Newson, J.*, dismissing counts three and four of his second amended petition for a writ of habeas corpus and denying count two of his petition. On appeal, the petitioner claims that the court improperly (1) dismissed his due process claim as procedurally defaulted, (2) dismissed his actual innocence claim on the ground of res judicata, and (3) denied his ineffective assistance of habeas counsel claim. We disagree and affirm the judgment of the habeas court.

The following recitation of facts as to the underlying offense was set forth by this court in the petitioner's direct appeal from his conviction. "Darence Delgado was murdered on May 2, 1995, on North Street in New Britain. Prior to the murder, Jose Pabon was with the [petitioner] on Willow Street, across the street from a basketball court where Delgado and [Juan Vazquez][1] were talking. Pabon was a neighbor of the [petitioner]. That afternoon, the [petitioner] asked Pabon to retrieve a gun that [Juan Vazquez] had left at Pabon's house. After returning with the gun, Pabon noticed that Delgado was no longer at the basketball court. Pabon offered the gun to the [petitioner], but the [petitioner] told him to hold on to it. The [petitioner] then told Pabon to walk with him to the corner of North and Willow Streets.

"When they arrived at the corner, the [petitioner] told Pabon, 'When I start shooting, you shoot.' Turning onto North Street, they saw [Juan Vazquez] and Delgado, who was sitting on a bicycle, approximately twenty-five feet away. The [petitioner] approached them while Pabon remained at the corner. The [petitioner] looked at Pabon and nodded his head. He then pulled out a black nine millimeter handgun, aimed it at Delgado's upper body and opened fire from close range. Delgado fell to the ground and the [petitioner] continued to shoot him. The [petitioner] turned around, looked at Pabon and spread his arms. Pabon pulled out the gun he had retrieved and fired four shots at Delgado. The [petitioner] turned toward Delgado and again fired at him. The [petitioner] and Pabon then ran from the scene and hid their guns.

"A week or so after the shooting, Pabon saw Miguel Colon carrying the gun that the [petitioner] had used to shoot Delgado. Pabon and Colon smashed it with hammers and wrenches, destroying all but the barrel of the gun. They wrapped the barrel in bags and buried it in Pabon's backyard. The police later seized that barrel. Forensic testing revealed that it was a nine millimeter barrel and that the intact nine millimeter bullet removed from Delgado's body during the autopsy was consistent with having been fired from this barrel.

"On September 23, 1997, the [petitioner] was charged by information with murder and conspiracy to commit murder. After a trial by jury, the [petitioner] was convicted of both charges and sentenced to a total effective term of sixty years imprisonment. The [petitioner] filed motions for acquittal and a new trial, which the court denied." (Footnote added and omitted.) *State* v. *Sanchez*, 84 Conn. App. 583, 585–86, 854 A.2d 778, cert. denied, 271 Conn. 929, 859 A.2d 585 (2004).

This court affirmed the trial court's judgment on appeal. Id., 594. The petitioner made four arguments in his direct appeal, one of which is relevant to the operative petition in the present matter. Id., 584–85. The petitioner claimed that the state improperly withheld exculpatory evidence regarding the credibility and culpability of Pabon, who testified for the state at trial. Id., 586. In particular, the petitioner claimed that the state had failed to disclose the consideration that Pabon had been promised in exchange for his testimony. Id., 586–87. This court concluded that there was no evidence that the state had improperly withheld exculpatory information and affirmed the petitioner's conviction. Id., 587.

The petitioner filed his first petition for a writ of habeas corpus on November 2, 2004. That petition contained a due process claim, alleging that the state had failed to disclose the details of the deal it made with Pabon. It also included an actual innocence claim, alleging that the murder actually was carried out by Pabon and "one or more other persons . . . ." Following a trial, the habeas court, *Newson, J.*, denied the petition. This court subsequently dismissed the appeal. *Sanchez* v. *Commissioner of Correction*, 147 Conn. App. 903, 80 A.3d 934 (2013).

The petitioner filed his second petition for habeas corpus, which is the subject of this appeal, in December, 2013. The October 29, 2018 second amended petition contained four counts, of which counts two through four are relevant to this appeal.[2] In the second count, the petitioner alleged that his prior habeas counsel had been ineffective for failing to investigate and present the testimony of Efrain Padua and to question Juan Vazquez properly. The petitioner alleged that they would have testified to the true identity of the shooter and the petitioner's whereabouts on the day of the shooting. In the third count, the petitioner alleged actual innocence on the basis that new testimony would establish that he was not the shooter. In the fourth count, the petitioner alleged a violation of his right to due process at his criminal trial, specifically alleging that the state had failed to disclose all relevant details surrounding the pretrial cooperation agreement with Pabon.[3]

A trial was held before the habeas court, *Newson, J.*, on October 30, 2018. On April 4, 2019, the habeas

court issued a memorandum of decision dismissing or denying each of the petitioner's claims. As to the second count, the court denied the claim that the petitioner's first habeas counsel rendered ineffective assistance, referring to the general presumption of competence afforded to counsel in trial strategy and noting credibility concerns with the petitioner's witnesses. As to the third count, the court dismissed the actual innocence claim on the ground of res judicata, concluding that it was nearly identical to the one advanced in the petitioner's first habeas trial and that it was based on facts and evidence that could have been discovered through reasonable diligence at the time of the first petition. Lastly, as to the fourth count, the court dismissed the due process claim on the ground of procedural default. Thereafter, the petitioner filed a petition for certification to appeal from the judgment denying and dismissing his petition for a writ of habeas corpus. The habeas court granted the petition for certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

I

We begin with the two counts that the court dismissed: the petitioner's due process and actual innocence claims. We conclude that both of these claims are subject to dismissal pursuant to res judicata. Accordingly, we affirm the judgment of the habeas court dismissing the petitioner's due process and actual innocence claims.

Before we turn to the petitioner's claims, we briefly set forth the appropriate standard of review for a dismissal of a habeas petition. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008).

A

The petitioner first argues that the habeas court erred in dismissing his due process claim as procedurally defaulted. The respondent, the Commissioner of Correction, counters that we should affirm the habeas court's ruling on the alternative ground of res judicata. We agree with the respondent.

The following additional facts and procedural history are relevant to our resolution of this claim. Pabon testified on behalf of the state at the petitioner's criminal trial. *State* v. *Sanchez*, supra, 84 Conn. App. 586. Pabon "testified that he personally had not been promised anything by the prosecution for his testimony, and that he was hoping to be given consideration for his coopera-

tion." Id., 586–87. He also testified that his attorney had told him that he would receive consideration for cooperating. Id., 587. A week after the petitioner had been sentenced, the murder and conspiracy to commit murder charges against Pabon were dismissed, and Pabon pleaded guilty to the charge of assault in the first degree. Id. The petitioner, whose appeal from his conviction initially had been filed with our Supreme Court, filed a motion for rectification and augmentation of the trial court record in which he sought an evidentiary hearing pursuant to *State* v. *Floyd*, 253 Conn. 700, 756 A.2d 799 (2000) (*Floyd* hearing),[4] to determine whether the state had "failed in its constitutional duty to disclose exculpatory information." (Internal quotation marks omitted.) *State* v. *Sanchez*, supra, 586 n.4. The trial court denied the motion, and our Supreme Court upheld the denial on review. Id. In its memorandum of decision on the motion, the trial court concluded that "[t]here is no evidence that the prosecution failed to reveal a plea agreement, express or implied, between Pabon and/or his attorney and the state. . . . [T]he actions of the prosecutor appear to be no more than a proper exercise of prosecutorial discretion in the disposition of Pabon's case." (Internal quotation marks omitted.) Id., 587. In his direct appeal, which our Supreme Court transferred to this court, the petitioner argued that "the state improperly withheld exculpatory evidence regarding the credibility and culpability of Pabon." Id., 586. This court affirmed the trial court's rejection of the defendant's due process claim. Id., 587.

In his first petition for a writ of habeas corpus, the petitioner alleged that "[p]rior to the trial the prosecuting authority, or an agent of the prosecuting authority, did not disclose exculpatory information to [the petitioner] or his counsel, including that [Pabon] would be receiving extraordinary considerations for his testimony against [the petitioner]," thereby violating his due process rights. The first habeas court denied the claim in an oral ruling, explaining: "The state denied that there was any specific agreement, and more notably here, as of today, again, we're some ten years down the road, there's been no evidence presented that any of that was untrue . . . . Obviously, I don't think— I think it goes without saying that everybody in [a] courtroom knows that an individual who is allegedly involved in a crime then turns over and decides to testify to the state, at least in their own mind, is expecting something in return for that, and without a showing that there was anything other than what was presented at trial, which is that he expected to get something, that there was nothing specific promised, there is no violation. He was cross-examined on it. He indicated there was no deal, and again, it's [the] petitioner's burden to be able to prove that that violation existed, and again, there hasn't been anything here presented to show that there was any such [violation], that there

was any such specific deal, even if it appears he got significant consideration for his testimony and a very small sentence, again, the claim isn't here, and it wasn't unknown that he was going to get some consideration. The claim here [is] that there was a specified deal beforehand, and that was hidden. There's been no evidence here to support that claim."

The petitioner alleges in the present petition that he "was denied his right to a fair trial when the prosecutor failed to disclose all of the relevant details surrounding the pretrial cooperation agreement between the [state] and [Pabon]." The court dismissed this count on the ground of procedural default.[5]

1

Preliminarily, we address our ability to affirm a habeas court's dismissal on an alternative ground. "[I]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 140 n.1, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009). "Dismissal of a claim on alternative grounds is proper when those grounds present pure questions of law, the record is adequate for review, and the petitioner will suffer no prejudice because he has the opportunity to respond to proposed alternative grounds in the reply brief." *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 308 n.8, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016). This court has repeatedly affirmed habeas court rulings on alternative grounds. See, e.g., *Woods* v. *Commissioner of Correction*, 197 Conn. App. 597, 627–28, 232 A.3d 63 (2020); *Boria* v. *Commissioner of Correction*, 186 Conn. App. 332, 348, 199 A.3d 1127 (2018), cert. granted, 335 Conn. 901, 225 A.3d 685 (2020); *Toccaline* v. *Commissioner of Correction*, 177 Conn. App. 480, 494, 172 A.3d 821, cert. denied, 327 Conn. 986, 175 A.3d 45 (2017).

In the present case, the respondent raised res judicata in his brief as an alternative ground to affirm the judgment of the habeas court. The petitioner had the opportunity to respond to that ground in his reply brief. Moreover, the habeas court raised the issue of whether the claim should be dismissed on the ground of res judicata on the morning of the trial, October 30, 2018. On November 1, 2018, the habeas court ordered the parties to submit briefs addressing whether this count "should be dismissed on grounds of res judicata, because the petitioner raised the same claim in his direct appeal." Because the court did not rule on these issues until *after* the trial, the petitioner was aware of the possibility that res judicata might preclude his claims. As such, the petitioner had every opportunity to present at trial the evidence he felt necessary to prove his due process claim and any evidence necessary to demonstrate that the claim was based on evidence not reasonably avail-

able at the time of the earlier proceedings.[6] Thus, applying res judicata to the petitioner's due process claim would not result in prejudice to the petitioner. Accordingly, we will consider the alternative ground for affirmance advanced by the respondent.

2

In determining whether res judicata bars the petitioner's due process claim, we begin our analysis by reviewing that doctrine as it applies to successive petitions in habeas corpus proceedings. "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 393, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

"In the context of a habeas action, a court must determine whether a petitioner actually has raised a new legal ground for relief or only has alleged different factual allegations in support of a previously litigated claim." *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 305. "Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however, the same generic legal basis for the same relief. Put differently, two grounds are not identical if they seek different relief." (Citations omitted.) *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998).

"[T]he doctrine of res judicata in the habeas context must be read in conjunction with Practice Book § 23-29 (3), which narrows its application. . . . Practice Book § 23-29 states in relevant part: The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition. . . . Thus, a subsequent petition alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts

or proffers new evidence not reasonably available at the time of the earlier petition. . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 305–306. "Simply put, an applicant must show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, supra, 133 Conn. App. 394. Further, this doctrine applies equally to claims litigated on direct appeal, not just to claims raised in prior habeas petitions. See *Faraday* v. *Commissioner of Correction*, 107 Conn. App. 769, 776–77, 946 A.2d 891 (2008); *Fernandez* v. *Commissioner of Correction*, 86 Conn. App. 42, 45–46, 859 A.2d 948 (2004).

Here, the petitioner has sought habeas review of a claim that was unequivocally raised, litigated, and decided on direct appeal and in his first habeas petition. With respect to the claim on direct appeal, the petitioner claimed that "the state improperly withheld exculpatory evidence regarding the credibility and culpability of Pabon." *State* v. *Sanchez*, supra, 84 Conn. App. 586. The operative petition claims that the petitioner "was denied his right to a fair trial when the prosecutor failed to disclose all of the relevant details surrounding the pretrial cooperation agreement between the [state] and [Pabon]." The present claim is identical in substance and law to the claim advanced on direct appeal. Both claims are ultimately premised on the same alleged violation of the due process rights established in *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). On direct appeal, this court agreed with the criminal trial court that there was no evidence that the state improperly withheld exculpatory evidence. *State* v. *Sanchez*, supra, 586.

Nevertheless, the petitioner argues that he did not have an opportunity to fully litigate this claim on direct appeal because the trial court denied the petitioner a *Floyd* hearing to introduce further evidence. However, a defendant is not guaranteed a *Floyd* hearing. "[The court] will order a *Floyd* hearing to develop a potential *Brady* violation only in the unusual situation in which a defendant was precluded from perfecting the record due to new information obtained after judgment. . . . A *Floyd* hearing is not a license to engage in a posttrial fishing expedition, as the court will not hold a hearing in the absence of sufficient prima face evidence, direct or circumstantial, of a *Brady* violation unascertainable at trial." (Citation omitted; internal quotation marks omitted.) *State* v. *Ortiz*, 280 Conn. 686, 712 n.17, 911 A.2d 1055 (2006). The petitioner thus had the opportunity to present prima face evidence of the alleged deal between the state and Pabon in his motion for a *Floyd* hearing. After the trial court denied the petitioner's

motion for a *Floyd* hearing, the petitioner filed a motion for review of that denial with our Supreme Court. *State v. Sanchez*, supra, 586 n.4. Our Supreme Court granted review, but denied the relief requested, finding that the trial court did not abuse its discretion in denying the motion and that the requested evidentiary hearing was unnecessary. Id. Then, on direct appeal, despite the denial of the motion, the petitioner "argue[d] that the record [was] nevertheless sufficient for our review of his claim." Id., 587. This court agreed with the trial court that there was no evidence that the state failed to reveal a plea agreement between Pabon and the state. Id. The petitioner thus had an opportunity to fully litigate this claim on direct appeal.

As for the first habeas petition, the petitioner claimed in that proceeding that the state "did not disclose exculpatory information to [the petitioner] or his counsel, including that [Pabon] would be receiving extraordinary considerations for his testimony against [the petitioner]." This claim also is identical to the present claim in substance and, again, is premised on a violation of *Brady*. The petitioner, in both his principal appellate brief and reply brief, even concedes that a similar due process claim was raised in his first habeas petition, stating that "[i]t is indisputable that the petitioner did, in fact, raise a nearly identical *Brady* claim concerning Pabon in his first habeas petition." Nevertheless, the petitioner insists that res judicata should not apply to the present claim because it is based on new evidence: "[I]n the underlying proceeding the petitioner presented the testimony of Juan Vazquez, who testified that the state approached him with the possibility of leniency in exchange for testifying against the petitioner. . . . That the state was offering consideration to other witnesses in exchange for their testimony is certainly relevant evidence for a court to draw the inference that Pabon and the state also had an understanding prior to his testimony." New evidence alone is insufficient to escape res judicata. The petitioner must "proffer new evidence *not reasonably available* at the time of the prior petition . . . ." (Emphasis added.) Practice Book § 23-29 (3); see *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 306. Juan Vazquez testified at the trial on the first habeas petition. Therefore, this evidence was clearly available at the time of the prior petition. Our review of the trial transcript for the present petition reveals no other potential new evidence relating to any deals that Pabon may have received in exchange for his testimony.

Because the petitioner has asserted a claim that previously was adjudicated fully on the merits and has made no showing that any new factual allegations were unavailable to him when he filed his direct appeal or his earlier petition, we agree with the respondent that the petitioner's due process claim is barred by the doctrine of res judicata. We conclude, therefore, that the

habeas court properly dismissed this claim, albeit on different grounds.

## B

The petitioner next claims that the habeas court erred by dismissing his actual innocence claim on the ground of res judicata. The petitioner argues that his "claim of actual innocence was predicated on newly discovered evidence, not reasonably available through the exercise of due diligence by prior counsel. Specifically, the petitioner's claim of actual innocence was predicated on the recantation testimony of Angel Vasquez and the testimony of Efrain Padua." In turn, the respondent argues that the petitioner's claim is based on evidence that was reasonably available at the time of the first habeas petition. We agree with the respondent.

The following additional facts and procedural history are relevant to our resolution of this claim. The petitioner's first habeas petition contained an actual innocence claim, specifically alleging that the shooting was carried out by Pabon and "one or more other persons" and that the petitioner had nothing to do with the shooting. The petitioner stated that he would present "new evidence, establishing his innocence to the standard required by law, including certain witnesses who were available from the Roosevelt School nearby who were privy to information that another individual was involved in the shooting as well as information that the true motive for the shooting was a retaliation hit by [a rival] gang . . . ." (Emphasis omitted.)

To support this claim, the petitioner offered the testimony of himself and Juan Vazquez. The habeas court denied the claim, explaining that the claim was not based on newly discovered evidence and, even if it was, the court did not find the testimony of the petitioner or Juan Vazquez to be credible.

The petitioner again alleged an actual innocence count in the present petition, which alleged that Angel Vasquez, Efrain Padua, and Juan Vazquez would testify that the petitioner was not the shooter. Specifically, the petition stated that Angel Vasquez would recant his testimony from the criminal trial, that Efrain Padua would testify that he and the petitioner were hiding in a store vestibule at the time of the shooting, and that Juan Vazquez would testify that the petitioner was not the shooter. The court dismissed the count on the ground of res judicata, finding that "the present allegations fail to offer new facts or evidence that could not have been discovered through reasonable diligence at the time of the prior habeas trial" and that "the petitioner . . . seeks the same relief now as he did in [the prior petition] . . . ."

We rely on the legal principles regarding res judicata set forth previously in this opinion. We iterate that, in order to elude dismissal, a subsequent petition alleging

the same ground as a previously denied petition *must* allege new facts or evidence not reasonably available at the time of the earlier petition. *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 306. Additionally, "[t]he conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, supra, 133 Conn. App. 392.

We agree with the court that the actual innocence claims in the present and first habeas petitions seek the same relief and are premised on the same legal grounds and similar factual bases. Both petitions seek to vacate the petitioner's conviction. The first petition claimed that Pabon falsely testified at the criminal trial and that "Pabon and one or more other persons" killed the victim. The present petition claims that Angel Vasquez falsely testified at the criminal trial and that "Ian Tardiff and [Pabon] were the actual shooters . . . ." The determinative question is whether the proffered testimony was reasonably available at the time of the first petition. See *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183 ("where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts *not reasonably available* to the petitioner at the time of the original petition" (emphasis added)), cert. denied, 277 Conn. 917, 895 A.2d 789 (2006).

To the extent that the petitioner's claim is based on the testimony of Juan Vazquez, he testified at the first habeas trial. The petitioner concedes that at the first habeas trial Juan Vazquez "testified in a manner similar [to his testimony at] the underlying proceedings." This evidence was available to the petitioner at the time of the first petition.

As for Angel Vasquez, the court concluded that "any information offered through Angel [Vasquez] would easily have been discovered through due diligence, since he was a witness who testified against the petitioner at his criminal trial . . . ." The petitioner argues that Angel Vasquez' testimony was not reasonably available prior to this petition because it consists of a recantation of his testimony at the criminal trial: "[T]he court overlooks the fact that [Angel Vasquez'] testimony constituted recantation testimony, so such by its very nature

would *not* have been available at trial. . . . [Angel Vasquez] testified that his testimony at the petitioner's criminal trial was all lies. . . . Thus, such recantation testimony was *not* reasonably available at the time of the petitioner's criminal trial. Additionally, [Angel Vasquez] testified that he was never contacted until the underlying proceedings about the petitioner's case and that he did not 'know what was going on' with this matter." However, the determinative issue is not whether Angel Vasquez' recantation was available at the petitioner's criminal trial, but whether it was reasonably available *at the time of the first habeas petition.*[7]

It is incumbent on the petitioner to establish that evidence would not have been reasonably available at the time of a prior petition. See *Gudino* v. *Commissioner of Correction*, 191 Conn. App. 263, 274, 214 A.3d 383 (explaining that when petitioner "[brings] a claim on the same legal ground and seeking the same relief, he can avoid dismissal only by *alleging* and *demonstrating* that evidence necessary to support the newly asserted facts was not reasonably available at the time of the prior petition" (emphasis added)), cert. denied, 333 Conn. 924, 218 A.3d 67 (2019). The petitioner has failed to allege any facts that suggest that Angel Vasquez would not have been similarly willing to recant his testimony at the time of the first habeas trial. The petitioner points out that Angel Vasquez testified that it was not until he was approached by counsel for the present petition that he decided to recant his testimony, but it does not necessarily follow that he would not have done so for the first habeas trial. The petitioner stresses that Angel Vasquez wanted to recant his testimony because it was "[weighing] on [him] heavy . . . all these years," but that testimony alone is insufficient to establish that the recantation was not reasonably available in 2011, at the time of the first habeas trial, particularly since the witness' original trial testimony was in 2000. Lastly, as the court and the respondent point out, the petitioner himself referenced Angel Vasquez' allegedly false trial testimony during the first habeas trial. We agree with the court that the petitioner has failed to establish that any information offered through Angel Vasquez would not have been reasonably available at the time of the first habeas trial.

As for Padua, the petitioner similarly offers no evidence that Padua was not reasonably available to testify at the first habeas trial. The petitioner again stresses that this witness was not available for the criminal trial: "Following the shooting, Padua returned to Puerto Rico to deal with his own mother's death. . . . Padua did not return to Connecticut until 2003, well after the petitioner's criminal trial." This evidence does not suggest that Padua would have been unavailable to testify at the first habeas trial in 2011.[8] In fact, Padua testified at trial for the present petition that he would have offered the same testimony if he had been called to

testify previously. As with Angel Vasquez, the petitioner has failed to demonstrate that Padua was not available to testify at the trial of the first petition.[9]

Accordingly, we agree with the habeas court that res judicata bars relitigation of the petitioner's actual innocence claim. The legal ground and relief sought in the petitioner's actual innocence claim are identical to those in his first petition, and the petitioner has failed to demonstrate that the claim is based on evidence not reasonably available at the time of the first petition.

## II

Lastly, we address the petitioner's ineffective assistance of habeas counsel claim. The petitioner argues that the court erred in concluding that his prior habeas counsel, Attorney Joseph Visone, did not render ineffective assistance by failing to investigate and present the testimony of Padua and failing to properly question Juan Vazquez about the identity of the shooters.[10]

We first set forth the general principles surrounding ineffective assistance of counsel claims and our standard of review. "In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 128 Conn. App. 425, 430, 17 A.3d 1089, cert. denied, 301 Conn. 926, 22 A.3d 1277 (2011).

"To satisfy the performance prong [of the *Strickland* test] the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431, 437–38, 119 A.3d 607 (2015).

"To satisfy the second prong of *Strickland*, that his counsel's deficient performance prejudiced his defense,

the petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there is a reasonable probability that, but for that ineffectiveness, the outcome would have been different." (Internal quotation marks omitted.) *Horn* v. *Commissioner of Correction*, 321 Conn. 767, 776, 138 A.3d 908 (2016).

"[When] applied to a claim of ineffective assistance of prior habeas counsel, the *Strickland* standard requires the petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding. . . . [T]he petitioner will have to prove that one or both of the prior habeas counsel, in presenting his claims, was ineffective and that effective representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . ." (Emphasis omitted; footnote omitted.) *Harris* v. *Commissioner of Correction*, 108 Conn. App. 201, 209–10, 947 A.2d 435, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008). "Therefore, as explained by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992), a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of [trial] counsel must essentially satisfy *Strickland* twice: he must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his [trial] counsel was ineffective." (Internal quotation marks omitted.) *Ham* v. *Commissioner of Correction*, 152 Conn. App. 212, 230, 98 A.3d 81, cert. denied, 314 Conn. 932, 102 A.3d 83 (2014). "We have characterized this burden as presenting a herculean task . . . ." (Internal quotation marks omitted.) *Alterisi* v. *Commissioner of Correction*, 145 Conn. App. 218, 227, 77 A.3d 748, cert. denied, 310 Conn. 933, 78 A.3d 859 (2013).

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 119 Conn. App. 239, 241, 987 A.2d 1037, cert. denied, 295 Conn. 912, 989 A.2d 1074 (2010). With the foregoing principles in mind, we now address the merits of the petitioner's claim.

As for the claim that Visone failed to question Juan Vazquez properly regarding the identity of the shooters, the court disposed of that claim on the prejudice prong. The court found no substantive difference between Juan Vazquez' testimony in the two habeas trials and

did not find him to be a credible witness.[11] The petitioner has not challenged this finding.

As for the failure to investigate and present the testimony of Padua, the court ultimately denied the claim, but did not include an explicit discussion of the grounds supporting its ruling. The court's failure to explicitly discuss each of Visone's alleged deficiencies does not prevent us from reaching the merits of the issue. See *Ricardo R.* v. *Commissioner of Correction,* 185 Conn. App. 787, 789 n.1, 198 A.3d 630 (2018) (concluding that where habeas court did not explicitly address petitioner's claim, but implicitly rejected claim in its final determination, reviewing court can reach merits of allegation if record is sufficient for review), cert. denied, 330 Conn. 959, 199 A.3d 560 (2019). We affirm the court's ruling on the ground that the petitioner failed to establish that Attorney Visone's performance was deficient.

Attorney Visone did not testify at the second habeas trial. Although not fatal to a claim of ineffective assistance of counsel, the habeas court appropriately noted the difficulty in overcoming the presumption of competence when a petitioner fails to call the attorney in question: "While calling the attorney in question is not a legal requirement in pursuing a claim of ineffectiveness, the trial court recognizes the general presumption of competence and deference afforded to trial counsel in the strategic decisions on which witnesses to call and the questions to ask those witnesses. '[T]here is a strong presumption that the trial strategy employed by . . . counsel is reasonable and is a result of the exercise of professional judgment. . . . It is well established that [a] reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance and that a tactic that appears ineffective in hindsight may have been sound trial strategy at the time.' . . . *Boyd* v. *Commissioner of Correction,* 130 Conn. App. 291, 297–98, 21 A.3d 969, cert. denied, 302 Conn. 926, 28 A.3d 337 (2011)."

"The law presumes that counsel is competent until evidence has been introduced to the contrary. . . . It is elementary jurisprudence that the determination of whether counsel's conduct was ineffective is a peculiarly fact bound inquiry. . . . Moreover, [i]t is well established that a petitioner in a habeas proceeding cannot rely on mere conjecture or speculation to satisfy either the performance or prejudice prong [of *Strickland*] but must instead offer demonstrable evidence in support of his claim." (Citations omitted; internal quotation marks omitted.) *Martinez* v. *Commissioner of Correction,* 147 Conn. App. 307, 315–16, 82 A.3d 666 (2013), cert. denied, 311 Conn. 917, 85 A.3d 652 (2014).

The petitioner has failed to sustain his burden to offer evidence in support of his claim. While Padua did testify that he would have offered the same testimony if con-

tacted for the first habeas trial, there is no other evidence to support a finding of deficiency. The petitioner testified that he spoke with his trial counsel about Padua, but there is no testimony that the petitioner told Visone to contact Padua or discussed the importance of Padua's testimony with Visone. Accordingly, the petitioner is unable to overcome the presumption of Visone's competence as to his trial strategy. "Although [counsel's] testimony is not necessary to [a] determination that a particular decision might be considered sound trial strategy . . . [a] habeas petitioner's failure to present [counsel's] testimony as to the strategy employed . . . hampers both the court at the habeas trial and the reviewing court in their assessments of [strategy]." (Citation omitted; internal quotation marks omitted.) *Jordan* v. *Commissioner of Correction*, 197 Conn. App. 822, 862, 234 A.3d 78, cert. granted, 335 Conn. 931, 236 A.3d 218 (2020). The petitioner cannot establish that Visone rendered deficient performance when he has failed to show what information was available to Visone, what decisions he made, and why he made them. We thus agree with the court's ultimate decision to deny the petitioner's ineffective assistance of habeas counsel claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The criminal trial court referred to this individual as Jay Vasquez. He did not testify at the petitioner's criminal trial. He introduced himself as Juan Vazquez at the petitioner's first and second habeas trials and explained that he also went by Jay, which was his middle name. Angel Vasquez also testified at the petitioner's criminal trial and second habeas trial, but not at his first habeas trial. The spelling of Juan's and Angel's last names is inconsistent throughout the record. To avoid confusion, we will refer to Jay as "Juan Vazquez" and to Angel as "Angel Vasquez."

[2] The second amended habeas petition included claims of ineffective assistance of trial counsel, ineffective assistance of habeas counsel, actual innocence, and a due process violation. The habeas court dismissed or denied all four counts and the petitioner on appeal has not challenged the dismissal of count one, the ineffective assistance of trial counsel claim.

[3] The fourth count also included a claim that the jury had been instructed improperly regarding double jeopardy. This claim has not been advanced on appeal.

[4] "Pursuant to *State* v. *Floyd*, supra, 253 Conn. 700, a trial court may conduct a posttrial evidentiary hearing to explore claims of potential *Brady* [v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)] violations when a defendant was precluded from perfecting the record due to new information obtained after judgment." (Internal quotation marks omitted.) *State* v. *Ouellette*, 295 Conn. 173, 182 n.7, 989 A.2d 1048 (2010). *Brady* held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* v. *Maryland*, supra, 373 U.S. 87. "In order to warrant [a *Floyd* hearing], a defendant must produce prima facie evidence, direct or circumstantial, of a *Brady* violation unascertainable at trial. . . . The trial court's decision with respect to whether to hold a *Floyd* hearing is reviewable by motion for review pursuant to Practice Book § 66-7 . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Ouellette*, supra, 182 n.7.

[5] The court concluded that res judicata did not apply to the petitioner's due process claim because the substance of his claim was different from that on direct appeal. We agree with the respondent that in reaching that

conclusion, the court was mistaken in its reading of this court's opinion in the direct appeal. The habeas court stated that "the actual substance of the petitioner's attack on the state's deal with his coconspirator was whether allowing the coconspirator, also a cooperating witness, to plead to a nonconspiracy offense undermined the legal ability to prosecute him for 'conspiracy.'" The court appears to have examined part IV of this court's opinion instead of part I, wherein we discussed the petitioner's claim that the state withheld exculpatory evidence regarding Pabon. *State* v. *Sanchez*, supra, 84 Conn. App. 586–93.

[6] The petitioner argues that he might have created a different record if the issue of res judicata had been raised earlier, and that the record is inadequate for review as a result. We are not persuaded. Our role in determining whether a claim should have been dismissed on the ground of res judicata is to examine whether the present claim alleges grounds not actually litigated in the earlier proceeding and whether it alleges new facts or proffers new evidence not reasonably available at the time of the earlier proceeding. See *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 306. The record therefore is adequate to determine whether the present claim rests on the same legal grounds and evidence as the due process claim in the first petition and on direct appeal.

[7] The petitioner appears to conflate the standard for res judicata with the standard for actual innocence when the claim is addressed on the merits. As we have stated, for a successive habeas petition to survive a motion to dismiss, it must be premised on allegations and facts not reasonably available to the petitioner at the time of the original petition. See *McClendon* v. *Commissioner of Correction*, supra, 93 Conn. App. 231. However, if a claim of actual innocence is addressed on the merits, this court has held that the claim must be based on newly discovered evidence that could not have been discovered prior to the petitioner's *criminal trial* by the exercise of due diligence. *Vazquez* v. *Commissioner of Correction*, 128 Conn. App. 425, 444, 17 A.3d 1089, cert. denied, 301 Conn. 926, 22 A.3d 1277 (2011). Because the habeas court did not reach the merits of the actual innocence claim, and neither do we, it is immaterial whether the testimony of Angel Vasquez and Padua offered at the present petition was available at the time of the criminal trial.

[8] Additionally, we note that the petitioner has alleged that his prior habeas counsel was ineffective for failing to investigate and present the testimony of Padua in the prior habeas trial; see part II of this opinion; which implicitly suggests that Padua *was* in fact available in 2011.

[9] The court also stated that "to the extent this 'actual innocence' claim relies on testimony from [Padua] that the petitioner was hiding in a store vestibule at the time of the shooting, this also is not 'newly discovered evidence,' it is merely the petitioner offering information he testified to in [the first petition] through a different witness." The petitioner argues that this finding is clearly erroneous, but as the respondent points out, we need not address this finding if we agree with and find support for the court's ultimate legal conclusion that the petitioner has failed to demonstrate that his actual innocence claim is based on evidence not reasonably available at the time of the first petition.

In his reply brief, the petitioner characterizes this outcome as affirming the ruling on "alternative grounds," but we are merely applying the well established standard of review for a dismissal on the ground of res judicata in the context of a habeas petition. See part I A of this opinion. Our agreement with the court that res judicata bars relitigation of the claim, but for a different reason, does not constitute an affirmance on alternative grounds. See *Negron* v. *Warden*, 180 Conn. 153, 158, 429 A.2d 841 (1980) (characterizing "'ground'" as legal basis for ruling).

[10] The second amended petition also included claims that Visone was ineffective for failing to call the victim's mother and for failing to present evidence that the shooting was a gang-related retaliation. The court summarily disposed of these claims. The petitioner has not challenged these conclusions.

[11] Judge Newson presided over both the first and second habeas trials.