******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MATTHEW OLSON *v.* FREEDOM OF INFORMATION COMMISSION
## (AC 48010)

Alvord, Seeley and Pellegrino, Js.

*Syllabus*

The plaintiff appealed from the Superior Court's judgment dismissing his administrative appeal from the final decision of the defendant Freedom of Information Commission. The plaintiff claimed, inter alia, that the court improperly concluded that he was a vexatious requester pursuant to statute ((Rev. to 2021) § 1-206 (b) (5), as amended by Public Acts, Spec. Sess., June, 2021, No. 21-2, § 148). *Held*:

The Superior Court properly determined that the commission did not misinterpret the meaning of "vexatious requester" under § 1-206 (b) (5) and that the term "vexatious requester" in § 1-206 (b) (5) was not unconstitutionally vague as applied to the plaintiff.

The Superior Court did not abuse its discretion in declining to review, as inadequately briefed, the plaintiff's claim that the commission's application of § 1-206 (b) (5) resulted in viewpoint discrimination in violation of article first, § 5, of the Connecticut constitution, as the plaintiff failed to provide analysis applying the legal authority set forth in his brief to the facts of this case.

Argued March 10—officially released April 21, 2026

*Procedural History*

Administrative appeal from the decision of the defendant, brought to the Superior Court in the judicial district of New Britain, where the court, *Budzik, J.*, granted the city of Stamford's motion to intervene as a defendant; thereafter, the case was tried to the court, *Budzik, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed*.

*Cameron L. Atkinson*, for the appellant (plaintiff).

*Danielle L. McGee*, commission counsel, with whom, on the brief, was *Colleen M. Murphy*, for the appellee (defendant).

*Joseph W. McQuade*, with whom, on the brief, was *Kenneth Weinstock*, for the appellee (intervening defendant).

*Opinion*

PER CURIAM. The plaintiff, Matthew Olson, appeals from the judgment of the Superior Court dismissing his administrative appeal from the final decision of the defendant, the Freedom of Information Commission (commission), in which the commission determined, inter alia, that the plaintiff is a vexatious requester pursuant to General Statutes (Rev. to 2021) § 1-206 (b) (5), as amended by Public Acts, Spec. Sess., June, 2021, No. 21-2, § 148 (Spec. Sess. P.A. 21-2).[1] On appeal, the plaintiff claims that the Superior Court improperly (1)

[1] General Statutes (Rev. to 2021) § 1-206 (b) (5), as amended by Spec. Sess. P.A. 21-2, which became effective July 1, 2021, provides: "Notwithstanding any provision of this subsection, a public agency may petition the commission for relief from a requester that the public agency alleges is a vexatious requester. Such petition shall be sworn under penalty of false statement, as provided in section 53a-157b, and shall detail the conduct which the agency alleges demonstrates a vexatious history of requests, including, but not limited to: (A) The number of requests filed and the total number of pending requests; (B) the scope of the requests; (C) the nature, content, language or subject matter of the requests; (D) the nature, content, language or subject matter of other oral and written communications to the agency from the requester; and (E) a pattern of conduct that amounts to an abuse of the right to access information under the Freedom of Information Act or an interference with the operation of the agency. Upon receipt of such petition, the executive director of the commission shall review the petition and determine whether it warrants a hearing. If the executive director determines that a hearing is not warranted, the executive director shall recommend that the commission deny the petition without a hearing. The commission shall vote at its next regular meeting after such recommendation to accept or reject such recommendation and, after such meeting, shall issue a written explanation of the reasons for such acceptance or rejection. If the executive director determines that a hearing is warranted, the commission shall serve upon all parties, by certified or registered mail or electronic transmission, a copy of such petition together with any other notice or order of the commission. The commission shall, after due notice to the parties, hear and either grant or deny the petition within one year after its filing. Upon a grant of such petition, the commission may provide appropriate relief commensurate with the vexatious conduct, including, but not limited to, an order that the agency need not comply with future requests from the vexatious requester for a specified period of time, but not to exceed one year. Any party aggrieved by the commission's granting of such petition may apply to the superior court for the judicial district of New

determined that the commission did not misconstrue the term "vexatious requester" pursuant to § 1-206 (b) (5), (2) concluded that the term "vexatious requester" in § 1-206 (b)(5) is not unconstitutionally vague as applied to the plaintiff, and (3) declined to review, as inadequately briefed, the plaintiff's viewpoint discrimination claim raised pursuant to article first, § 5, of the Connecticut constitution. We disagree and affirm the judgment of the Superior Court.

The following facts, either as set forth in the final decision of the commission or undisputed in the record, and procedural history are relevant to our disposition of this appeal. On or about July 24, 2019, a police officer with the Stamford Police Department (department) questioned the plaintiff at his residence regarding a vehicle that was parked on an adjacent public roadway and instructed the plaintiff to move his vehicle. As a result of that interaction, the plaintiff, in an effort to determine who had contacted the police about his vehicle, filed numerous requests under the Freedom of Information Act (act), General Statutes § 1-200 et seq., with the intervening defendant, the city of Stamford (city), seeking information from various city departments so that the caller could be " 'prosecuted to the fullest extent of the law.' " The plaintiff also sent numerous emails to various city officials in which he alleged that he had been threatened and harassed by members of the department, requested related records pursuant to the act, and made a number of accusations of racial discrimination and intentional misconduct against city officials. Between July 24, 2019, and November 5, 2021, the plaintiff made at least thirty-two requests with various city departments, which oftentimes were expansive and detailed in nature,

Britain, within fifteen days of the commission meeting at which such petition was granted, for an order reversing the commission's decision."

Our references in this opinion to § 1-206 (b) (5) are to the 2021 revision of the statute, as amended by Spec. Sess. P.A. 21-2. We note that the statute has since been amended and what had been subdivision (5) is now subdivision (6). See Public Acts 2023, No. 23-200, § 1; Public Acts 2024, No. 24-108, § 32.

making compliance with the requests time-consuming and burdensome.

As a result, on November 30, 2021, the city and its public officials filed with the commission a petition for relief from a vexatious requester pursuant to § 1-206 (b) (5). The matter was heard before the commission on various dates, at which time the parties presented testimony, argument and exhibits. In a detailed and thorough final decision, the commission outlined the extensive requests filed by the plaintiff, including their scope, nature and content, as well as a pattern of conduct by the plaintiff, which the commission found to be abusive of the process for seeking information under the act. The commission found the plaintiff to be a vexatious requester and granted the petition for relief filed by the city and its officials. The commission ordered that the city and its departments and officials did not need to comply with any public records requests submitted by the plaintiff for a period of one year from the date of notice of its decision and for the plaintiff to "cease from engaging in similar vexatious conduct" as it had found in its decision.

The plaintiff subsequently appealed to the Superior Court, challenging the final decision of the commission on three grounds, namely, that (1) the commission misinterpreted the statutory meaning of "vexatious requester" under § 1-206 (b) (5); (2) the term "vexatious requester" under § 1-206 (b) (5) is unconstitutionally vague as applied to the plaintiff; and (3) the commission's application of § 1-206 (b) (5) resulted in unconstitutional viewpoint discrimination in violation of article first, § 5, of the Connecticut constitution. In an order dated August 30, 2024, the Superior Court dismissed the plaintiff's appeal. The court analyzed and rejected the plaintiff's first two claims, and it declined to review the plaintiff's third claim on the ground that it was inadequately briefed. This appeal followed.

On appeal, the plaintiff challenges the Superior Court's decision disposing of all three of his claims. We agree with the court's thoughtful analysis of the first two

claims and its determination that the commission did not misinterpret the meaning of "vexatious requester" under § 1-206 (b) (5) and that the term "vexatious requester" in § 1-206 (b) (5) is not unconstitutionally vague as applied to the plaintiff.[2] Following our review of the record, the parties' briefs and arguments, and the Superior Court's decision, we conclude that the court properly resolved these claims and that it would serve no useful purpose to repeat the court's discussion in its decision here. See *Office of Chief Disciplinary Counsel* v. *Miller*, 335 Conn. 474, 479–80, 239 A.3d 288 (2020).

We also agree with the court's decision declining to review the plaintiff's third claim as inadequately briefed, which warrants a brief explanation. As we have stated, the plaintiff's third claim alleged that the commission's application of § 1-206 (b) (5) resulted in viewpoint discrimination in violation of article first, § 5, of the Connecticut constitution. The court, after citing the well established principle that parties "must clearly and fully set forth their arguments in their briefs . . . [and] may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited"; (internal quotation marks omitted); determined that the plaintiff's third claim was inadequately briefed

---

[2] In reaching its determination that the term "vexatious requester" in § 1-206 (b) (5) is not unconstitutionally vague as applied to the plaintiff, the court adopted the analysis and reasoning of its decision in *Godbout* v. *Freedom of Information Commission*, Superior Court, judicial district of New Britain, Docket No. CV-22-5032223-S (February 16, 2024), which has since been affirmed by this court. See *Godbout* v. *Freedom of Information Commission*, 235 Conn. App. 908, 344 A.3d 328 (2025). We note that, although the trial court in *Godbout* determined that § 1-206 (b) (3) was not unconstitutionally vague; see *Godbout* v. *Freedom of Information Commission*, supra, Docket No. CV-22-5032223-S; subdivision (3), which concerns the determination of whether holding a hearing on a complaint would constitute an injustice or abuse of the commission process, has similar language to that of subdivision (5) in that both require the commission to consider similar factors, such as whether the complaint is cumulative or repetitive, the nature and language of communications with officials of the agency to which a request for information is made, and any pattern of conduct that would amount to an abuse of the right to access information under the act. See General Statutes (Rev. to 2021) § 1-206 (b) (3) and (5).

and declined to review it because the plaintiff "cited only general Connecticut constitutional law that was admittedly from a 'slightly different context' . . . . [The plaintiff] cited no substantive law whatsoever that was directly applicable to his argument that § 1-206 (b) (5) is improper viewpoint discrimination under article first, § 5, of the Connecticut constitution." (Citation omitted.)

On appeal, the plaintiff argues that his briefing on this claim, which was approximately six pages in length, presented legal authorities and analysis, as well as "a comprehensive argument from the administrative record in support of his constitutional argument." He argues further that, because this claim involved an issue of first impression, the court improperly required him "to point to 'directly applicable' 'substantive law.' " He contends that, "[i]f the trial court is correct that what [he] submitted constitutes inadequate briefing, [then his counsel] candidly does not know how any member of the bar can confidently raise constitutional issues of first impression in Connecticut courts and have a reasonable expectation that they will be decided."

Our review of the plaintiff's brief to the Superior Court (trial brief) in support of this claim demonstrates that the plaintiff did set forth legal authority that he asserted governed his claim raised pursuant to article first, § 5, of the Connecticut constitution, which provides: "No law shall ever be passed to curtail or restrain the liberty of speech or of the press." The plaintiff, citing *Leydon* v. *Greenwich*, 257 Conn. 318, 348, 777 A.2d 552 (2001), asserted in his trial brief that "[t]he Connecticut Supreme Court has adopted a 'compatibility' test for analyzing claims under [article first, § 5, of the state constitution]" and that " 'the crucial question is whether the manner of expression is basically incompatible with the normal activity of a particular place at a particular time.' "[3] The

[3] The issue before our Supreme Court in *Leydon*, which was one of first impression, was "whether a municipality constitutionally may restrict access to a municipal park to its residents and their guests." *Leydon* v. *Greenwich*, supra, 257 Conn. 320. The court concluded that "such a restriction is prohibited by the first amendment to the United

plaintiff also cited to *State* v. *Linares*, 232 Conn. 345, 655 A.2d 737 (1995), for the proposition that, under our state constitution, governments may regulate conduct but not viewpoints. Id., 390. The plaintiff further provided an overview of the commission's decision and the bases for its determination that the plaintiff was a vexatious requester and asserted that the commission improperly failed to apply the compatibility test set forth in *Leydon* in reaching its determination, in that "[i]t conducted no analysis of whether [the plaintiff's] protests, remonstrances, and expression of opinions to [city officials] [were] compatible with the means that he chose to contact [city officials] to proffer both his [freedom of information] requests and his opinions."

In light of the fact that the plaintiff's claim raised an issue of first impression, the plaintiff was restricted in his ability to cite to case law that was "directly applicable to his argument," which the court cited as a basis for determining that the claim was inadequately briefed. The plaintiff did cite legal authority in his brief that he claimed was applicable to his viewpoint discrimination claim. Even if we assume, without deciding, that such authority was relevant to his claim, we, nevertheless, cannot conclude that the court abused its discretion in declining to review the claim as inadequately briefed given that the plaintiff failed to provide analysis applying the compatibility test set forth in the case law he provided to the facts of this case. See *State* v. *Buhl*, 321 Conn. 688, 724–25, 138 A.3d 868 (2016) (determining that abuse of discretion standard is appropriate standard "in reviewing a trial court's decision not to review a claim because it was inadequately briefed, when the trial

States constitution and article first, §§ 4, 5 and 14, of the Connecticut constitution." (Footnotes omitted.) Id., 320–21. In examining the issue under our state constitution, which the court noted "provides greater protection for expressive activity than that provided by the first amendment to the federal constitution"; id., 347; the court applied the compatibility test, explaining that, "[u]nder that standard, the state cannot restrict a person's access to public property unless that person intends to engage in expressive activity that is 'basically incompatible' with the customary use of the property at the time in question." Id., 348.

court was sitting in an appellate capacity," and that the standard is "deferential" one); see also *Sanchez* v. *Commissioner of Correction*, 203 Conn. App. 752, 760–61, 250 A.3d 731 ("[i]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason" (internal quotation marks omitted)), cert. denied, 336 Conn. 946, 251 A.3d 77 (2021); *Tyson* v. *Commissioner of Correction*, 155 Conn. App. 96, 105 n.4, 109 A.3d 510 ("That the court relied on a wrong theory does not render the judgment erroneous. We can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.)), cert. denied, 315 Conn. 931, 110 A.3d 432 (2015).

Although the plaintiff argued in his trial brief that *the commission* "conducted no analysis of whether [the plaintiff's] protests, remonstrances, and expression of opinions to [city officials] [were] compatible with the means that he chose to contact [city officials] to proffer both his [freedom of information] requests and his opinions," *the plaintiff did not apply the law cited and provide an analysis* of how his "protests, remonstrances, and expression of opinions" were "[compatible] with the normal activity of a particular place at a particular time." (Internal quotation marks omitted.) *Leydon* v. *Greenwich*, supra, 257 Conn. 348. Instead, he essentially contested the commission's findings regarding his conduct, contending that he "did nothing more than" submit freedom of information requests, which, he asserted in a single conclusory sentence, was "entirely compatible with the means to contact public officials and the right to express one's opinion to them."

"Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [P]arties must analyze [the] relationship between [the] facts of [the] case and [the] applicable law . . . ." (Citation omitted; internal quotation marks omitted.) *In re Probate Appeal of Barbera*, 236 Conn. App. 640, 642 n.2, 349 A.3d 340 (2025); see also *Chacho* v. *Lister*, 237 Conn. App. 806, 806–807 n.1,

A.3d    (2026) (conclusory assertions without substantive argument or legal analysis rendered brief inadequate to review); *State* v. *Errol J.*, 199 Conn. App. 800, 807 n.3, 237 A.3d 747 (brief was inadequate when it included "relevant law without any further application to the facts of the case"), cert. denied, 335 Conn. 962, 239 A.3d 1213 (2020); *State* v. *Navarro*, 172 Conn. App. 472, 477 n.1, 160 A.3d 1116 (declining to review due process claim as inadequately briefed when defendant did not analyze relationship between law cited and facts of his case), cert. denied, 326 Conn. 910, 164 A.3d 681 (2017); *Coppola Construction Co.* v. *Hoffman Enterprises Ltd. Partnership*, 157 Conn. App. 139, 180, 117 A.3d 876 (failure to analyze asserted legal principle or to explain relationship between facts asserted and law cited rendered briefing inadequate), cert. denied, 318 Conn. 902, 122 A.3d 631 (2015), and cert. denied, 318 Conn. 902, 123 A.3d 882 (2015).

Mindful of the deference afforded to trial courts under the abuse of discretion standard; see *State* v. *Buhl*, supra, 321 Conn. 724–25; see also *Hallock* v. *Hallock*, 228 Conn. App. 81, 86, 324 A.3d 193 (2024) (under abuse of discretion standard, every reasonable presumption should be given in favor of correctness of trial court's decision); we cannot conclude that the court abused its broad discretion in declining to review this claim.

The judgment is affirmed.